UNSEALED 3/31/11

Public and unofficial staff access
to this instrument are
prohibited by court order.

United States District Court
Southern District of Texas
FILED

MAR 2 9 2011

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| vs. | § | CRIMINAL NO. B-11-296 |
| **ABEL CORRAL LIMAS** | § | |

## SEALED
## INDICTMENT

THE GRAND JURY CHARGES THAT:

### Introduction

At all times material to this Indictment:

1.     The 404th Judicial District Court for the state of Texas was a court created by statute to administer, apply, and interpret the laws of the state of Texas in a fair and unbiased manner without favoritism, extortion, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.

2.     **ABEL CORRAL LIMAS ("LIMAS")**, defendant herein, was the elected State District Judge for the 404th Judicial District Court, and was by virtue of that position of trust an officer and employee of state government, responsible for lawfully performing and discharging his duties without bias, favoritism, extortion, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.

3.     **PERSON "A"** was an attorney licensed to practice in the state of Texas, who practiced in the Rio Grande Valley, including specifically in **LIMAS**'s court, and in other areas of Texas, and who paid **LIMAS** in return for favorable judicial treatment.

4.     **PERSON "B"** was one of **LIMAS**'s associates.  He served as the middleman between **LIMAS** and criminal defendants with cases pending in **LIMAS**'s court, who sought,

on their own initiative or through solicitation and extortion, to receive favorable treatment in their cases in return for monetary payments made directly or indirectly to **LIMAS**.

5.    **PERSON "C"** was an attorney licensed to practice in the state of Texas, who practiced in the Rio Grande Valley, including specifically in **LIMAS**'s court, and in other areas of Texas, and who paid **LIMAS** in return for favorable judicial treatment.

6.    **PERSON "D"** was an attorney licensed to practice in the state of Texas, who practiced in the Rio Grande Valley, including specifically in **LIMAS**'s court, and in other areas of Texas, and who paid **LIMAS** in return for *ad litem* appointments and for other favorable judicial treatment.

7.    **PERSON "E"** was an attorney licensed to practice in the state of Texas, who practiced in the Rio Grande Valley, including specifically in **LIMAS**'s court, and in other areas of Texas, and who paid **LIMAS** in return for favorable judicial treatment.

## 18 U.S.C. Section 1962(c)

### The Enterprise

8.    At various times relevant to this Indictment, the 404th Judicial District Court for the state of Texas, which operated principally in Cameron County, Texas, constituted an enterprise as that term is defined by Title 18, United States Code, Section 1961(4), which was engaged in and the activities of which affected interstate and foreign commerce.

9.    The 404th Judicial District Court for the state of Texas was physically located within the Cameron County Courthouse in Brownsville, Texas.  It  was a trial court of general jurisdiction under Texas law.  It was created by statute to administer, apply, and interpret the laws of the state of Texas in a fair and unbiased manner.  As a state district

court, the 404th Judicial District Court had original jurisdiction in felony criminal cases, divorce cases, cases involving title to land, election contest cases, civil cases involving large monetary sums, and other matters in which jurisdiction was not placed in another trial court.  As a state district court on the international border, it was involved in various aspects of interstate and foreign commerce including, but not limited to, the adjudication of the following: lawsuits involving parties that were from Mexico and other foreign nations; lawsuits involving parties residing or based outside the state of Texas; lawsuits involving corporations, insurance companies, and other large business entities that conduct national and international business and pay litigation costs, judgments, and settlements, out of funds derived from doing national and international business; and handling criminal and family law matters involving a party from Mexico or another foreign nation, or a party with interested children and other family members or heirs from Mexico or other foreign nations or other U.S. states, whose rights and interests were involved in all or part of the litigation.

### Purposes of the Defendant

10.    The purposes of Defendant **LIMAS** included, but were not limited to, the following:

a.    The use of the 404th Judicial District Court and the position of Judge of the 404th Judicial District Court illegally to generate income for **LIMAS** and others associated with the enterprise, through bribery and extortion, favoritism, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.

b.    The use of the 404th Judicial District Court and the position of Judge of the 404th Judicial District Court to deprive the citizens of Cameron County, Texas, and

other litigants, of their right to the honest services of public officials.

## **Means and Methods of the Defendant**

11.     Among the means and methods by which **LIMAS** and individuals associated with the enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

a.     **LIMAS** solicited and accepted bribes and extorted money from persons with cases pending in the 404th Judicial District Court and their counsel and representatives, in return for favorable judicial orders, rulings and treatment.

b.     **LIMAS** transmitted to other persons involved in criminal activity information he and others believed would be of use and assistance to persons involved in criminal activities, in order to assist such persons in their criminal endeavors.

c.     **LIMAS** and others used communication facilities, including cellular telephone companies with interstate operations and wire transfers, and the United States mail and common carriers, to advance the affairs of the enterprise.

d.     **LIMAS** and others used property belonging to the 404th Judicial District Court and property belonging to Cameron County, Texas and employees of the 404th Judicial District Court and of Cameron County, Texas, to further the illicit affairs of the enterprise.

e.     **LIMAS** used judicial and administrative authority, and symbols and tools of such authority to further the illegal affairs of the enterprise.

f.     **LIMAS** and others arranged to acquire, count, and distribute the illegal income generated by the enterprise.

g.    **LIMAS** and others used equipment made or purchased in interstate commerce to further the affairs of the enterprise.

h.    **LIMAS** and others acquired proceeds of activity conducted in interstate and foreign commerce in furtherance of the affairs of the enterprise.

i.    **LIMAS** and others expanded the affairs of the enterprise over time to include new sources of illicit income from bribes, kickbacks, and extortion.

j.    The cases and proceedings affected by the illegal payments and by defendant **LIMAS**'s favorable orders, rulings and treatment in return for those illegal payments would and did affect interstate and foreign commerce.

k.    The individuals and businesses that made the illegal payments in return for defendant **LIMAS**'s favorable orders, rulings, and treatment would and did engage in interstate and foreign commerce.

## Role of the Defendant

12.    The defendant participated in the operation and management of the enterprise. **LIMAS** was the leader of the enterprise and directed others associated with the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

## The Racketeering Violation

The United States Attorney adopts, realleges, and incorporates herein paragraphs 1 through 12 of this Indictment.

From an unknown date, believed to be after January 2001, and continuously thereafter up to and including December, 2009, both dates being inclusive, in the Southern

-5-

District of Texas and elsewhere within the jurisdiction of the Court,

## ABEL CORRAL LIMAS,

defendant herein, together with others known and unknown, being persons associated with said enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, did unlawfully and knowingly conduct and participate, directly and indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, that is, through the commission of the following Racketeering Acts:

## The Pattern of Racketeering Activity

The pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and (5), included the following acts:

## Racketeering Act No. 1:

The defendant named below committed the following act, which constitutes Racketeering Act No. 1:

From on or about August 3, 2007, through on or about December 11, 2007, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

## ABEL CORRAL LIMAS,

defendant herein, aided and abetted by Person B and others known and unknown, did intentionally and knowingly solicit and accept, and agree to accept from another, namely a person **LIMAS** believed to be engaged in criminal conduct, a benefit, namely approximately six hundred dollars ($600.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District Court of Texas in a judicial proceeding, namely the continuation and subsequent termination of a probation revocation proceeding.

-6-

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

### Racketeering Act No. 2:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 2:

A.      From on or about January 30, 2008, through on or about August 11, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### ABEL CORRAL LIMAS,

defendant herein, aided and abetted by Person B and by others known and unknown, did knowingly obstruct, delay and affect interstate and foreign commerce and did attempt to obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that **LIMAS**  obtained property that was not due him or his office, and to which neither he nor his office were entitled under color of official right, in that **LIMAS** did obtain approximately seven hundred dollars ($700.00) in United States currency from a person **LIMAS** believed to be engaged in criminal conduct, in exchange for the performance and nonperformance of official acts of discretion by **LIMAS**, namely, changing the terms of a criminal defendant's appearance bond.

In violation of Title 18, United States Code, Sections 1951 and 2.

B.      From on or about January 30, 2008, through on or about August 11, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### ABEL CORRAL LIMAS,

defendant herein, aided and abetted by Person B and by others known and unknown, did intentionally and knowingly solicit and accept, and agree to accept from another, namely

-7-

a person **LIMAS** believed to be engaged in criminal conduct, a benefit, namely approximately seven hundred dollars ($700.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District Court of Texas in a judicial proceeding, namely changing the terms of a criminal defendant's appearance bond.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

## Racketeering Act No. 3:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 3:

A.     From on or about April 22, 2008, through on or about May 13, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### ABEL CORRAL LIMAS,

defendant herein, aided and abetted by Person B and by others known and unknown, did knowingly obstruct, delay and affect interstate and foreign commerce, and did attempt to obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that **LIMAS** obtained property that was not due him or his office, and to which neither he nor his office were entitled, under color of official right, in that **LIMAS** did obtain approximately one thousand, five hundred dollars ($1,500.00) in United States currency from a person **LIMAS** believed to be engaged in criminal conduct, in exchange for the performance and nonperformance of official acts of discretion by **LIMAS**, namely, changing the terms of a criminal defendant's conditions of probation to permit the defendant to report by mail rather than in person.

-8-

In violation of Title 18, United States Code, Sections 1951 and 2.

B.     From on or about April 22, 2008, through on or about May 13, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ABEL CORRAL LIMAS,**

defendant herein, aided and abetted by Person B and by others known and unknown, did intentionally and knowingly solicit and accept, and agree to accept from another, namely a person **LIMAS** believed to be engaged in criminal conduct, a benefit, namely approximately one thousand, five hundred dollars ($1,500.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District Court of Texas in a judicial proceeding, namely changing the terms of a criminal defendant's conditions of probation to permit the defendant to report by mail rather than in person.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

C.     From on or about April 22, 2008, through on or about May 13, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ABEL CORRAL LIMAS,**

defendant herein, aided and abetted by Person B and by others known and unknown, having devised and intending to devise a scheme and artifice to defraud and deprive the state of Texas and the citizens of the state of Texas of their right to the honest services of a state district judge, performed free from deceit, favoritism, bias, self-enrichment, self-dealing, concealment, and conflict of interest, did knowingly and intentionally cause to be transmitted, by means of wire communications in interstate commerce writings, signs and

-9-

signals for the purpose of executing such scheme and artifice, approximately one thousand, eight hundred dollars ($1,800.00), from Hot Springs, Arkansas, to Cameron County, Texas.

In violation of Title 18, United States Code, Sections 1343 and 1346 [honest services wire fraud].

### Racketeering Act No. 4:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 4:

A.      On or about May 8, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### ABEL CORRAL LIMAS,

defendant herein, aided and abetted others known and unknown, did knowingly obstruct, delay and affect interstate and foreign commerce and did knowingly attempt to obstruct, delay and affect interstate commerce, by means of extortion, namely that **LIMAS** obtained property that was not due him or his office, and to which neither he nor his office were entitled under color of official right, in that **LIMAS** did obtain a total of approximately eight thousand dollars ($8,000.00) in United States currency from certain attorneys, that is, from Person C at the direction of Person A, in exchange for the performance and nonperformance of official acts of discretion by **LIMAS**, namely, favorable judicial rulings on motions, case transfers, and other matters in civil cases, entered for the benefit of those attorneys.

In violation of Title 18, United States Code, Sections 1951 and 2.

-10-

B.     On or about May 8, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

## ABEL CORRAL LIMAS,

defendant herein, aided and abetted by others known and unknown, did intentionally and knowingly offer and solicit and accept, and agree to offer and solicit and accept from Person C, at the direction of Person A, a benefit, namely approximately eight thousand dollars ($8,000.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District Court of Texas in a judicial proceeding, namely favorable judicial rulings on motions, case transfers, and other matters in civil cases, entered for the benefit of certain attorneys who paid and directed payment of the consideration, that is, Person C and Person A.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

### Racketeering Act No. 5:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 5:

A.     From in or about March, 2008, through in or about December, 2009, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

## ABEL CORRAL LIMAS,

defendant herein, aided and abetted by others known and unknown, did knowingly obstruct, delay and affect interstate and foreign commerce and did knowingly attempt to obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that **LIMAS** obtained property that was not due him or his office, and to which neither he

-11-

nor his office were entitled under color of official right, in that **LIMAS** did obtain a total of approximately two hundred thirty-five thousand dollars ($235,000.00) in United States currency from Person A and Person C, in exchange for the performance and nonperformance of official acts of discretion by **LIMAS**, namely, favorable judicial rulings on motions, case transfers, and other matters in civil cases, entered for the benefit of certain attorneys who paid the consideration, Person A and Person C.

In violation of Title 18, United States Code, Sections 1951 and 2.

B.      From in or about March, 2008, through in or about December, 2009, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

## ABEL CORRAL LIMAS,

defendant herein, aided and abetted by others known and unknown, did intentionally and knowingly offer and solicit and accept, and agree to offer and solicit and accept from another, Person A and Person C, a benefit, namely approximately two hundred thirty-five thousand dollars ($235,000.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District Court of Texas in a judicial proceeding, namely favorable judicial rulings on motions, case transfers, and other matters in civil cases, entered for the benefit of the attorneys that paid the consideration, Person A and Person C.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

## Racketeering Act No. 6:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 6:

-12-

A.     From on or about January 11, 2008, through on or about October 16, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ABEL CORRAL LIMAS,**

defendant herein, aided and abetted by others known and unknown, did knowingly obstruct, delay and affect interstate and foreign commerce and did knowingly attempt to obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that **LIMAS** obtained property that was not due him or his office, and to which neither he nor his office were entitled under color of official right, in that **LIMAS** did obtain approximately four thousand, five hundred dollars ($4,500.00) in United States currency from an attorney, Person D,  in exchange for the performance and nonperformance of official acts of discretion by **LIMAS**, namely, an *ad litem* attorney appointment in a civil case.

In violation of Title 18, United States Code, Sections 1951 and 2.

B.     From on or about January 11, 2008, through on or about October 16, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ABEL CORRAL LIMAS,**

defendant herein, aided and abetted by others known and unknown, did intentionally and knowingly solicit and accept, and agree to solicit and accept from Person D, a benefit, namely approximately four thousand, five hundred dollars ($4,500.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District Court of Texas in a judicial proceeding, namely an attorney's appointment as an *ad litem* attorney in a civil case.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

-13-

### Racketeering Act No. 7:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 7:

A.    From on or about April 18, 2008, through on or about August 11, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ABEL CORRAL LIMAS,**

defendant herein, aided and abetted by others known and unknown, did knowingly obstruct, delay, and affect interstate and foreign commerce and did knowingly attempt to obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that **LIMAS** obtained property that was not due him or his office, and to which neither he nor his office were entitled, under color of official right, in that **LIMAS** did obtain approximately five thousand dollars ($5,000.00) in United States currency from Person D, an attorney practicing in his court, in exchange for the performance and nonperformance of official acts of discretion by **LIMAS**, namely, denial of a motion for sanction and other judicial acts.

In violation of Title 18, United States Code, Sections 1951 and 2.

B.    From on or about April 18, 2008, through on or about August 11, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ABEL CORRAL LIMAS,**

defendant herein, aided and abetted by others known and unknown, did intentionally and knowingly solicit and accept, and agree to solicit and accept from Person D, a benefit, namely approximately five thousand dollars ($5,000.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District

-14-

Court of Texas in a judicial proceeding, namely denial of a motion for sanctions and other judicial acts.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

## Racketeering Act No. 8:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 8:

A.      From on or about August 17, 2008, through on or about December 19, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### ABEL CORRAL LIMAS,

defendant herein, aided and abetted by others known and unknown, did knowingly obstruct, delay and affect interstate and foreign commerce and did knowingly attempt to obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that **LIMAS** obtained property that was not due him or his office, and to which neither he nor his office were entitled under color of official right, in that **LIMAS** did obtain approximately two thousand dollars ($2,000.00) in United States currency from Person E, an attorney practicing in his court, in exchange for the performance and nonperformance of official acts of discretion by **LIMAS**, namely, the modification of terms of probation and dismissal of charges against one of Person E's clients.

In violation of Title 18, United States Code, Sections 1951 and 2.

B.      From on or about August 17, 2008, through on or about December 19, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### ABEL CORRAL LIMAS,

defendant herein, aided and abetted by others known and unknown, did intentionally and

-15-

knowingly offer and solicit and accept, and agree to offer and solicit and accept from Person E, a benefit, namely approximately two thousand dollars ($2,000.00) in United States currency, as consideration for the exercise of discretion by **LIMAS** as Judge of the 404th Judicial District Court of Texas in a judicial proceeding, namely, the modification of terms of probation and dismissal of charges against Person E's client.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

**All in violation of Title 18, United States Code, Section 1962(c).**

### NOTICE OF CRIMINAL FORFEITURE
### (Title 18, United States Code, Section 1963)

1.     The allegations in this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of defendant's conviction under this Indictment.

2.     The defendant charged,

### ABEL CORRAL LIMAS,

a.     has acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); and

b.     has property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code,

-16-

Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3.     The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (3), include but are not limited to at least two hundred fifty-seven thousand, three hundred dollars $257,300.00.

4.     If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of a defendant –

      a.     can not be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which can not be divided without difficulty –

the court shall order the forfeiture of any other property of the defendant up to the value of any property set forth in paragraphs 2 and 3 above.

All pursuant to Title 18, United States Code, Section 1963.

A TRUE BILL

███████████████████████████████

Foreperson of the Grand Jury

JOSE ANGEL MORENO
UNITED STATES ATTORNEY

Michael J. Wynne
Assistant United States Attorney

Oscar Ponce
Assistant United States Attorney