United States District Court
Southern District of Texas
FILED

MAR 3 1 2011

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. B-11-296 |
| ABEL CORRAL LIMAS | § | |

### PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys JOSE ANGEL MORENO, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorneys, and the defendant, ABEL CORRAL LIMAS, and the defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant agrees to plead guilty to the indictment in this case. The indictment charges the defendant with <u>RACKETEERING</u>, in violation of Title 18, United States Code, <u>§ 1962(c)</u>. The defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

2. As part of this agreement, the United States agrees to recommend <u>full credit for Acceptance of Responsibility, and sentencing at the low end of the advisory guideline level the defendant scores. Defendant agrees to forfeiture of property.</u>

3. The penalty for each violation of Title 18, United States Code, Section <u>1962(c)</u>, is a maximum term of imprisonment of <u>20</u> years, and a fine of twice the gross profits or other proceeds, and a period of supervised release not to exceed <u>5</u> years. The defendant

also acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant is not eligible for parole for any sentence imposed.

4. The defendant will pay to the United States District Clerk a special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. The defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

6. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

7. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that Defendant will make a full and complete disclosure of all assets over which Defendant exercises direct or indirect control, or in which Defendant has any financial interest.

8. Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (Form OBD-500), by the deadline set by the United States, or if no deadline is set, no later than sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax

information, bank account records, credit history, and social security information. Defendant agrees to discuss or answer any questions by the United States relating to the Defendant's complete financial disclosure.

9. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering of title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of Defendant's assets to deliver all funds and records of such assets to the United States.

10. Defendant agrees to forfeit whatever interest Defendant has in assets, whether personal or real property, related to this case. Defendant further stipulates and agrees that the property referred to in the Factual Summary, incorporated as part of this plea, is property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations, or is property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, and is subject to forfeiture. Defendant agrees to forfeit any interest in said property. Defendant further stipulates and agrees that the personal property, as described in the government's Motion for Preliminary Order of Forfeiture that will be filed contemporaneously with this Plea Agreement, is subject to forfeiture.  Defendant agrees and stipulates that he received at least at least approximately $257,300.00 in proceeds traceable to the offenses charged in this conspiracy. Defendant stipulates and agrees to forfeit all his interest in personal and real

property that is not traceable to proceeds from the crime, as substitute property under 18 U.S.C. § 1963(m).

11. Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of at least $257,300.00. Defendant agrees to a personal money judgment for $257,300.00 against him and in favor of the United States of America. Defendant stipulates and admits that one or more of the conditions set forth in 18 U.S.C. § 1963(m) exists. Defendant agrees to forfeit any of Defendant's property, or Defendant's interest in any property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

12. Defendant agrees to waive any and all interest in any asset which is, or will be, the subject of any related administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

13. Defendant consents to the order of forfeiture becoming final as to the Defendant immediately following this guilty plea pursuant to Fed.R.Crim. P. 32.2(b)(3).

14. Defendant waives the right to challenge the forfeiture of property, in any manner, including by direct appeal or in a collateral proceeding.

15. If the defendant is not a citizen of the United States, a plea of guilty may result in deportation, exclusion from admission to the United States, or the denial of naturalization.

16. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the

defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in this agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

17. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to the specific facts of the present offense. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

Effective Date: /2005

5

(f) Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

18. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

19. In exchange for the Agreement with the United States, defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) defendant's conviction is later vacated for any reason, (b) defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

20. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or

the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence defendant within the calculated guideline range.

21. The defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

22. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

23. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which defendant pleads guilty,

and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

24. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    (a)    If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

    (b)    At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

    (c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

25. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under

Effective Date: /2005

the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

26. This written plea agreement, consisting of ten pages, including the attached certifications of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant

APPROVED:

_____
Assistant U.S. Attorney

_____
Attorney for Defendant

Effective Date: /2005

9

## CERTIFICATION BY THE DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the charge pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____          3/31/11
Defendant                          Date

## CERTIFICATION BY ATTORNEY

I have fully explained to the defendant, his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____          3/31/11
Counsel for Defendant               Date

Effective Date: /2005

10